IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAM BEILUE,

    Plaintiff,

vs.                                                                                  Civ. No. 97-1309 MV/WWD

UNITED PARCEL SERVICE, INC., and
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL NO. 492,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Plaintiff's "Motion for Order Restraining Counsel for Defendants From Making Objections Other Than In A Non-Argumentative and Non-Suggestive Manner During Depositions, and From Instructing a Deponent Not To Answer When Not Authorized By Rule or Law During Depositions and for Sanctions" [docket no. 30] filed March 16, 1998. Plaintiff seeks an order "restraining counsel for Defendants from making objections other than in a non-argumentative and non-suggestive manner during depositions, and from instructing a deponent not to answer when not authorized by rule or law during depositions." Portions of witness depositions are attached to the motion as illustrations of the purported abuses by Defendants. The deposition excerpts submitted by the parties show a melange consisting of inept questions by Plaintiff's counsel, some witness recalcitrance, and undue interference by defense counsel in the deposition process. Apportioning blame for the mess served to me in this motion is no easy task. Mr. Snow has some difficulty asking just one

1

question at a time, he tends to nit-pick with the witnesses, and he seems to be overly defensive with opposing counsel.  This may well be due to inexperience.  Mr. Snow was admitted to the New Mexico Bar in 1995.  Inexperience is no excuse for Messrs. Gilkey and Bloomfield.  Their interference with the depositions being taken by Mr. Snow may have been triggered in part by their reaction to Mr. Snow's inartful questioning, but it was, nevertheless, improper.  The question presented has more to do with the amount and quality of the impropriety when viewed in context as well as the reactions of Plaintiff's counsel.

When the disputes arose, Defense counsel suggested that the assigned magistrate judge be contacted by telephone with a view toward obtaining a ruling on the matters at issue.  That would have been an expedient and economical approach; however, Plaintiff's counsel declined to utilize such a procedure.  From Mr. Snow's remarks on the record, it appears that he was not familiar with the summary and informal nature of such a telephone conference.  Instead, Plaintiff's counsel chose to recess the deposition and seek relief from the Court by way of the instant motion.  The telephone procedure, which I encourage lawyers to use, is voluntary.  If a lawyer wants to recess the deposition and to proceed with the more formal motion practice he is within his rights.  In this instance I find that Mr. Snow did not act improperly in recessing the depositions; nevertheless, I also find that on the record presented with the motion, I am unwilling to impose sanctions on Messrs. Bloomfield and Gilkey at this time.

**WHEREFORE,**

**IT IS ORDERED**, that the instant motion be denied insofar as the sanctions sought at this time.

**IT IS FURTHER ORDERED** that the questions of sanctions will be reconsidered in the event that, upon continuation of the depositions in question, there are instances of improper interference with the taking of the depositions by Defense Counsel or undue recalcitrance on the part of witnesses associated with the Defendants.

_____
UNITED STATES MAGISTRATE JUDGE