IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAM BEILUE,

    Plaintiff,

vs.                                                                No.CIV 97-1309 MV/WWD

UNITED PARCEL SERVICE, INC. and
INTERNATIONAL BROTHERHOOD of
TEAMSTERS, LOCAL NO. 492,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon plaintiff's Motion for Rule 37(b) Sanctions, filed May 1, 1998 [docket #46-1]. Plaintiff contends that defendant, International Brotherhood of Teamsters, Local No. 492, has not complied with two discovery orders issued by this Court: an Order granting plaintiff's motion to compel complete answers to Interrogatories Nos. 1 and 9 [#17, filed March 6, 1998] and an Order granting plaintiff's motion for sanctions for failure to make Rule 26(a) disclosures (#41, filed March 20, 1998). Plaintiff also requests sanctions for contempt, default judgment and attorney fees and costs for this motion.[1]

I note that defendant did not respond to either the motion to compel or the motion for sanctions, as well as plaintiff's present motion for sanctions. This almost habitual failure

to respond to discovery motions thwarts the objectives of efficiency and liberal disclosure which

---

[1] I do not pass on the request for contempt sanctions, but leave that for the district judge in this case, the Hon. Martha Vazquez.

underlie the federal discovery rules.  See United States v. Proctor & Gamble, 356 U.S. 677, 682 (1958); Burns v. Thiokol Chem. Corp., 483 F.2d 300, 304 (5th Cir 1973) (proper use of discovery rules conserves precious judicial energies).  Tabatchnick v. G.D.Searle & Co., 67 F.R.D. 49, 54 (D.N.J. 1975) (purpose of discovery is to explore everything available and narrow the fact issues in controversy so that the trial process may be efficient and economical).

Defendant now appears to compound the seriousness of its failure to participate appropriately in the discovery process by failing to obey two Court orders.   Because defendant has again not responded to plaintiff's motion, I am unable to determine whether there is any justification for its conduct, and must accept plaintiff's representations as true.  D.N.M.LR-Civ.7.3(a)(4).   I find that Rule 37(b) sanctions are warranted and that $200.00 is a reasonable amount to award for attorney fees for preparing the instant motion and memorandum.

Defendant shall comply with the above-mentioned Orders on or before May 22, 1998. Defendant is also put on notice that if it does not comply within this period, it will be required to show cause for its noncompliance with this Court's discovery orders and that this failure to comply may lead to more extreme sanctions under Rule 37(b)(2) and (c).

**WHEREFORE,**

**IT IS ORDERED** that plaintiff's Motion for Rule 37(b) Sanctions [#46-1] is hereby granted in that on or before May 22, 1998, defendant shall provide plaintiff with complete answers to Interrogatories Nos. 1 and 9, as directed by this Court's Order of March 6, 1998; and shall serve on plaintiff all disclosures due pursuant to Fed.R.Civ.P. 26(a), as directed in the Order of March 20 1998;

**IT IS FURTHER ORDERED** that on or before May 22, 1998, defendant International Brotherhood of Teamsters, Local No. 492, shall pay to plaintiff, as attorney fees in connection with the instant motion, the sum of $200.00.

_____
UNITED STATES MAGISTRATE JUDGE