IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAM BEILUE,

    Plaintiff,

vs.                                                          No. CIV 97-1309 MV/WWD

UNITED PARCEL SERVICE, INC. and
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL NO. 492,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Renewed Motion to Review UPS's Costs Bill and Clerk's Order Settling Costs, filed May 5, 1999 [**Doc. 157**]. The Court, having considered the moving papers, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

## ANALYSIS

"Federal Rule of Civil Procedure 54(d) authorizes an award of costs to prevailing parties. The Rule states that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.' Fed.R.Civ.P. 54(d)(1)." *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995). The Tenth Circuit has held that this language "creates a presumption that the prevailing party shall recover costs." *Id*.

1

In the present case, Plaintiff argues that he should not be taxed for all of UPS's costs. Although Plaintiff acknowledges that UPS was a "prevailing party," he argues that "it was only partially successful," and that the Court should therefore deny an award of costs on that basis. In addition, Plaintiff argues that he should not be taxed for the cost of deposition transcripts as well as the cost of video depositions.

Regarding the first argument, even if the law supported Plaintiff's contention that the Court has discretion to deny costs to a prevailing party who is "only partially successful," Defendant UPS was in fact fully successful in its defense to Plaintiff's claims. While it is true that the jury found that UPS had breached its contract with Plaintiff, the jury also found that the Union had not breached its duty of care, resulting in a finding of no liability on the part of either Defendant. Unlike the cases cited by Plaintiff, this is not a case in which one party prevailed on some but not all of its claims. *See Howell Petroleum Corp. v. Samson Resources Co.*, 903 F.2d 778 (10th Cir. 1990). This case presented one "hybrid" cause of action against both UPS and the Union, and ended in one verdict for the defense and against the plaintiff. Accordingly, the Court finds it is not at liberty to deny Defendant UPS costs as it was a prevailing party, fully successful on the merits. *Klein*, 44 F.3d at 1506.

As to Plaintiff's second argument, the controlling statute provides for the taxation of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(b)(1) provides for the taxing of costs for "the original or a copy of the deposition transcript." The Tenth Circuit has already held that a party may be awarded costs for both a video tape of a deposition and for transcribing the same deposition. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997). Accordingly, the Clerk of

the Court properly awarded Defendant UPS costs for transcribing depositions originally produced on video tape.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Review UPS's Costs Bill and Clerk's Order Settling Costs [**Doc. 157**] is hereby **DENIED**.

                                        MARTHA VÁZQUEZ
                                        UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
    Harry Snow

Attorneys for Defendant UPS:
    Duane Gilkey
    Mary Woodward